UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            2:03-cr-31-FtM-29

PERRY JOHNSON
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's letter motion seeking a suspension of the restitution component of his sentence (Doc. #172), filed on February 3, 2015. Defendant seeks to suspend his obligation to make restitution payments while serving his life sentence because UNICOR jobs have been reduced, and he cannot afford to pay restitution and continue to purchase the various personal items needed while in custody.

To the extent defendant seeks to have the Court modify his participation in the Bureau of Prisons' Inmate Financial Responsibility Program, the Court lacks jurisdiction to consider the request. Such an action must be brought pursuant to Title 28, United States Code, Section 2241. Defendant is incarcerated in Beaumont, Texas, so the Court has no jurisdiction as to that aspect of the motion.

This Court does have jurisdiction under Title 18, United States Code, Section 3664(k) to consider a modification to restitution based upon material changes to economic circumstances which might affect defendant's ability to pay restitution. Such a

claim is "fully cognizable" in the district court. <u>Cani v. United States</u>, 331 F.3d 1210, 1215 (11th Cir. 2003). Section 3664(k) requires a defendant to notify the court of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." The Court may then "adjust the payment schedule . . . as the interests of justice require." 18 U.S.C. § 3664(k). Such an adjustment is only appropriate, however, if there is a "*bona fide* change in the defendant's financial condition" that affects his ability to pay restitution. <u>Cani</u>, 331 F.3d at 1215 (citing 18 U.S.C. § 3664(k)).

In imposing restitution and the schedule of payments, the Court did not rely upon any source of income from UNICOR or defendant's family. The Presentence Report did not indicate any such income. Thus, defendant's economic circumstances have not changed in any material way since the imposition of his sentence, and his present financial status is no different from that contemplated by the court at the time of sentencing. <u>Cani</u>, 331 F.3d at 1216.

Additionally, no specific schedule of payments was set for the time period defendant is incarcerated. Rather, the Criminal Judgment states: Defendant shall "begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied. While in custody you are directed to participate in the Bureau of Prisons Financial Responsibility

Program, if eligible, and upon your release from custody you shall adhere to a payment schedule comprised of the balance of the unpaid restitution divided by 60." (Doc. #137, p. 5.) Thus, there is nothing to adjust under § 3664(k) while defendant is incarcerated.

Finally, defendant refers to restitution by co-defendant Eddie B. Cavanaugh. He too requested a modification of his obligation to pay restitution, which was denied. (See Doc. #168, attached.)

Accordingly, it is now

**ORDERED**:

Defendant's motion to suspend restitution (Doc. #172) is **DISMISSED IN PART AND DENIED IN PART** as set forth above.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of February, 2015.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Perry Johnson