UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                         CASE NO: 2:03-cr-31-FtM-29

PERRY JOHNSON
_____

**ORDER**

This matter comes before the Court on defendant's Request for Compassionate Release (Doc. #174) filed on November 20, 2020. The government filed a Response in Opposition (Doc. #176) on November 25, 2020. The government also filed defendant's 2019 and 2020 medical records under seal. (Doc. #179.)

On January 27, 2004, defendant proceeded to trial before a jury in Fort Myers, Florida. On February 2, 2004, the jury returned verdicts of guilty for armed robbery of the Royal Palm Bank and of Am South Bank (Counts One and Three), using and carrying a firearm during and in relation to a crime of violence and in furtherance of a crime of violence (Count Two), and possession of pipe bombs in furtherance of a crime of violence (Count Five), and the unregistered possession of the pipe bombs (Count Six). (Doc. #121.) On May 3, 2004, defendant was sentenced to a term of 235 months as to Counts One and Three, a concurrent term of 120 months as to Count Six, a term of 10 years as to Count Two to be served consecutively to Counts One, Three,

and Six, and a term of life as to Count Five to be served consecutively to Counts One, Two, Three, and Six. Count Four was dismissed on motion of the government. (Doc. #137.) The convictions were affirmed on appeal. (Doc. #158.) The Court denied habeas relief under 28 U.S.C. § 2255. (Doc. #161.)

Exhaustion

Defendant argued that is sentence should be reduced based on a change in law with regard to the stacking of his sentence. Defendant sought compassionate release in March 2020, when he indicated that he was in reasonable health with no chronic medical needs, in May 2020, and also in a June 2020 administrative appeal on this basis. (Doc. #174-1, pp. 1, 4, 8.) The Warden denied his request, and the Regional Director denied the appeal finding that defendant is considered healthy or stable, under chronic care, and that the sentencing concerns were not recognized for compassionate release. (Doc. #174-1, p. 2.) Defendant states that he has exhausted his administrative remedies, and the government concedes that the merits of the motion may be considered. (Doc. #176, p. 11.)

Authority

In the sentencing context, a district court has "no inherent authority" to modify an already imposed imprisonment sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an

imprisonment sentence is narrowly limited by statute." <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Title 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, allows a court to modify a prisoner's sentence "in any case" if:

> (A) the court . . . upon motion of the defendant . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A)(i). The "applicable policy statements issued by the Sentencing Commission" are found in Section 1B1.13 of the U.S. Sentencing Guidelines Manual Application Notes. Section 1B1.13, Application Note 1, provides that "extraordinary and compelling reasons exist under" the following circumstances relevant here:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time

>period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>(ii) The defendant is—
>
>(I) suffering from a serious physical or medical condition,
>
>(II) suffering from a serious functional or cognitive impairment, or
>
>(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.
>
>. . .
>
>(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1. Defendant must also not be a danger to the safety of any other person or to the community. Id., §1B1.13(2). Thus, a defendant is eligible for compassionate release if the district court finds "extraordinary and compelling reasons" that are "consistent with this policy statement" Id. § 1B1.13(1), (3). If there are such "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors.

COVID-19 Concerns

Defendant argues that he is at high risk for death from COVID-19 as he is 62 years old, has hypertension, a heart issue, obesity, high cholesterol, and he is a life-long heavy smoker. Defendant states that he only had one non-violent infraction during the 18 years he has served, he does not use illegal substances, and he was moved to a medium security facility. Defendant argues that an extraordinary and compelling reason exists for a reduction in his sentence based on his age and health concerns.

The government submitted more current medical records for this year reflecting no terminal illness, or a serious physical or medical condition that prevents defendant from self-care. Defendant was diagnosed with Hepatitis C, which is considered resolved as of a September 2, 2020 encounter. (Doc. #179-1, p. 10.) Defendant has hypertension and hyperlipidemia and his under chronic care for these conditions. Defendant is not in a high risk category based on his race or ethnicity as he is identified as white on his medical records.[1] Defendant may be at an "increased risk" based on his smoking, but his body mass index reflects that he is only overweight[2] and not obese.[3] The

---

[1] See https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html

[2] With a height of 6' and a weight of 205, defendant has a BMI of 27.8, placing him in the overweight category. See https://www.cdc.gov/healthyweight/assessing/bmi/index.html

[3] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

government indicates that FCI Cumberland has only 1 inmate and 6 staff members with confirmed cases of COVID-19, and those individuals have been isolated. (Doc. #176, p. 15.)

The Court finds that defendant's medical records do not support finding an extraordinary and compelling reason for a reduction in sentence, and the mere presence of COVID-19 at the institution alone is insufficient to support a finding of an extraordinary and compelling reason for a reduction in sentence. In addition to defendant's failure to demonstrate an extraordinary and compelling reason for a reduction in sentence, the Court has concerns about the danger to the community in light of the seriousness of the offenses, and the applicable Section 3553(a) factors that weigh heavily against defendant. The motion will be denied on this basis.

Stacking

Defendant also argues that the an extraordinary and compelling reasons exists to resentence him without "the now defunct stacking enhancement." Under Section 403 of the First Step Act, Section 924(c)(1)(C) of Title 18 was amended to lower the statutory mandatory minimum consecutive penalty. However, "Congress expressly stated in the Act that the § 924(c) changes "shall apply to any offense that was committed before the date of

---

precautions/people-with-medical-conditions.html

enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." United States v. Buckner, 808 F. App'x 755, 764 (11th Cir. 2020) (citing First Step Act of 2018, Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5222 (2018)) (emphasis in original). See also United States v. Lewis, No. 613CR221ORL28KRS, 2020 WL 4583525, at *1 (M.D. Fla. Aug. 10, 2020), reconsideration denied, No. 613CR221ORL28KRS, 2020 WL 5877134 (M.D. Fla. Oct. 2, 2020) ("Congress expressly declined to make the amendment retroactive.").

As defendant was sentenced in 2004, "[b]y its plan language, section 403" does not apply to defendant. Willingham v. United States, 805 F. App'x 815, 817 (11th Cir. 2020). The Court finds that the change in law does not constitute an extraordinary and compelling reason for a sentence reduction despite some non-binding courts outside the Eleventh Circuit finding to the contrary. See United States v. Arey, 461 F. Supp. 3d 343, 350 (W.D. Va. 2020) (collecting cases). Congress specifically did not make the elimination of "stacking" by Section 403 retroactive, as recognized by Arey, and the Court declines to make an end-run around Congress by applying it through "independent discretion." Id. In Brooker, cited as Zullo by defendant, the Second Circuit did not determine that the length of sentence alone would support a finding of an extraordinary and compelling reason for a sentence reduction, but rather that it could "weight in favor of a sentence

reduction", along with other factors including age and COVID-19. United States v. Brooker, 976 F.3d 228, 238 (2d Cir. 2020).  The motion will also be denied under Section 403 of the First Step Act.

    Accordingly, it is hereby

    **ORDERED:**

    Defendant's Request for Compassionate Release (Doc. #174) is **DENIED** in its entirety.

    **DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of December, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record